UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARNET SMITH,

Petitioner,

v.

JULIO HERNANDEZ et al.,

Respondents.

CASE NO. 2:26-cv-01138-JNW

ORDER GRANTING IN PART
PETITION FOR HABEAS CORPUS

This matter comes before the Court on Petitioner Garnet Smith's petition for a writ of habeas corpus. Dkt. No. 1. Smith is a noncitizen and lawful permanent resident detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He seeks release from Immigration and Customs Enforcement (ICE) custody. Smith moved for an extension of time to file his traverse, citing his nonreceipt of the return and supporting declarations. Dkt. No. 9. Respondents did not oppose the motion, and Smith subsequently filed a traverse. Dkt. No. 11. The Court has reviewed the petition, the return, the traverse, and the record, and finds the matter ripe for resolution. For the reasons stated below, the Court GRANTS IN PART the petition.

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 1

## 1. BACKGROUND

Petitioner Garnet Smith, a citizen of Jamaica, was admitted to the United States in 1998 as a child through an "IR2-Child of a U.S. Citizen Visa." Dkt. No. 7-1 at 2. In 1999, he became a Lawful Permanent Resident (LPR). *Id.* at 4. Smith served in the United States Army and was honorably discharged. Dkt. No 11 at 1. He has a criminal history that includes many arrests and convictions. Dkt. No. 7-1 at 4.

On October 1, 2025, Smith was detained by Enforcement and Removal Operations ("ERO") in Spokane during a targeted enforcement operation initiated through the Criminal Alien Program, which identified that identified Smith as a noncitizen with a criminal record. Dkt. No. 6 ¶ 12. That same day, Smith was served a Notice to Appear ("NTA"), charging him as admitted but removable due to his convictions for domestic violence from 2006, 2007, and 2009. Dkt. No. 7-3 at 2–5. On January 9, 2026, an Immigration Judge ("IJ") ordered Smith removed to Jamaica. Dkt. No. 7-4 at 2. Smith appealed the order to the Board of Immigration Appeals ("BIA"). Dkt. No. 6 ¶ 13. Respondents contend that Smith is subject to mandatory detention under 8 U.S.C. § 1226(c) due to his criminal history. Dkt. No. 5. Respondents state that Smith remains a LPR until his removal order becomes administratively final. *Id.*

## 2. LEGAL STANDARD

Federal courts may grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful

opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) ("petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief" when challenging incarceration by the state under 28 U.S.C. § 2254). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

## 3. DISCUSSION

### 3.1 Smith's detention under Section 1226 has become unreasonable.

Respondents argue that Smith is subject to mandatory detention under 8 U.S.C. § 1226(c) based on his qualifying convictions for violating domestic violence protection orders. Dkt. No. 5 at 3–4. Smith disputes that his convictions trigger mandatory detention, arguing his detention is governed by 8 U.S.C. § 1231(a)(6). The Court need not resolve this dispute because, even assuming Respondents are correct that Section 1226(c) applies, Smith's prolonged detention without a bond hearing violates due process, as explained below. If Section 1226(c) does not apply,

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 3

Smith would be detained under Section 1226(a), which itself provides for a bond hearing, making the result the same. For now, the Court assumes without deciding that Section 1226(c) applies.

Respondents contend that *Jennings v. Rodriguez* shuts down Smith's claim because Section 1226(c) contains no implicit time limit or entitlement to periodic bond hearings. 583 U.S. 281, 300-01 (2018). But *Jennings* declined to reach whether mandatory, indefinite detention would violate due process, and instead remanded that issue to the Ninth Circuit for consideration in the first instance. *Id.* at 312. On remand, the Ninth Circuit instructed district courts to determine the "minimum requirements of due process" for Section 1226(c) detainees, expressing "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional." *Rodriguez v. Marin*, 909 F.3d 252, 255–56 (9th Cir. 2018). Since then, courts in this district apply the multi-factor test set forth in *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (collecting cases). The factors include:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

*Id.* The Court analyzes each factor in turn.

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 4

The first and most important factor is the length of detention. *Id.* at 9. Smith has been detained for about seven months. Respondents concede this factor weighs "modestly" in Smith's favor. The Court agrees. *See Yagoub v. LaRose*, No. 3:26-cv-00914 JLS-JLB, 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (finding detention of "nearly eight months" weighed in petitioner's favor); *see also Amado v. United States Dep't of Just.*, No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879–80 (E.D. Cal. 2022) (finding fact that detention had spanned twelve months weighed in favor of granting bond hearing).

The second factor, the likely duration of future detention, weighs in Smith's favor. Respondents contend that Smith's appeal will be "short," but they provide no support for that assertion. "Courts in this District have observed that BIA appeals can take over six months." *Joshi v. Wamsley*, No. 2:26-CV-00148-TLF, 2026 WL 456822, at *5 (W.D. Wash. Feb. 18, 2026); *see also Toktosunov v. Wamsley,* No. 2:25-CV-1724-TL, 2025 WL 3492858, at *5 (W.D. Wash. Dec. 5, 2025) ("BIA appeals take over six months."). A subsequent appeal to the Ninth Circuit would likely take "approximately 6 to 12 months from the date of the notice of appeal to oral argument" and another "three months to a year" for a decision. *Joshi*, 2026 WL 456822, at *5 (quoting U.S. Court of Appeals for the Ninth Circuit, Frequently Asked Questions, www.ca9.uscourts.gov/content/faq.php (last visited May 1, 2026)).

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 5

Smith will likely remain in detention without a final order of removal for many more months and potentially over a year.

The third factor weighs in Respondents' favor, as Smith's period of detention (seven months) is shorter than the sentences he served for the convictions underlying his NTA: 12 months in 2006, 25 months in 2007, and 12 months in 2009. Dkt. No. 7-5 at 2; Dkt. No. 6 ¶¶ 7, 8. The record also reflects substantially longer sentences for other convictions in Smith's criminal history, including 32 months in 2005 and 70 months in 2010. Dkt. No. 6 ¶¶ 6, 9.

The fourth factor, the nature of the crimes, also weighs in Respondents' favor. The charges in Smith's NTA are based on three convictions for violating domestic violence protection orders. Dkt. No. 7-3. Smith attests that the 2006 offense was for "phone calls to the protected party while [Smith] was incarcerated" and that there were no threats of violence, repeated harassment, or bodily injury. Respondents do not dispute this characterization. However, the record reflects a broader criminal history that includes convictions for Assault 2 with a Handgun, Tampering with a Witness, Harassment—Threat to Kill, Unlawful Imprisonment, and additional Assault 2 convictions, resulting in sentences of 32 and 70 months in prison. Dkt. No. 6 ¶¶ 5–9. This history weighs against Smith.

The fifth factor favors Smith. Courts have recognized that the conditions at NWIPC are "similar … to those in many prisons and jails." *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-CV-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026) (collecting cases), report and recommendation adopted, No. 2:25-CV-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026).

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 6

The sixth and seventh factors also favor Smith. He has done nothing to prolong his detention. The record indicates he claimed fear of removal to Jamaica when he was taken into custody. Dkt. No. 6 ¶ 12. Respondents imply that Smith's appeal of the IJ's order means these factors are "largely neutral or favor the government." Dkt. No. 5 at 10. But the sixth factor only weighs against a petitioner who "has 'substantially prolonged his stay by abusing the processes provided,'" not one who has "simply made use of the statutorily permitted appeals process." *Populus-Revuelta, v. Scott, et al.,* No. 2:26-CV-00636-RAJ, 2026 WL 1067317, at *5 (W.D. Wash. Apr. 20, 2026) (quoting *Hechavarria v. Sessions*, 891 F.3d 49, 56 n.6 (2d Cir. 2018)). Moreover, Smith filed his appeal soon after his removal order was issued, whereas Respondents took almost three months to provide Smith with a hearing before an IJ.

Finally, the eighth factor is neutral. The Court joins other courts in this District in declining to speculate on the likelihood that removal proceedings will result in a final order of removal. *See, e.g.*, *Populus-Revuelta*, 2026 WL 1067317, at *6; *Gomez v. ICE Field Off. Dir.*, No. 2:25-CV-02242-TL-TLF, 2026 WL 449536 (W.D. Wash. Jan. 27, 2026), *report and recommendation adopted sub nom. Osuna Gomez v. ICE Field Off. Dir. & Facility Adm'r*, No. 2:25-CV-02242-TL-TLF, 2026 WL 447409 (W.D. Wash. Feb. 17, 2026); *Murillo-Chavez v. Garland*, No. C22-303-LK-MLP, 2022 WL 16555994, at *7 (W.D. Wash. Aug. 30, 2022), *report and recommendation adopted*, No. 2:22-CV-0303-LK, 2022 WL 16553176 (W.D. Wash. Oct. 31, 2022) ("[I]n the absence of any evidence Petitioner's appeal is frivolous or taken in bad faith, the court concludes this factor is neutral.").

Five of the *Martinez* factors weigh in Smith's favor—including the length of detention, which is the most important factor—two factors favor Respondents, and one is neutral. Even accounting for Smith's serious criminal history, his continued detention under Section 1226(c) without a bond hearing has become unreasonable and violates due process.

### 3.2     The scope of relief.

Smith asks for immediate release from custody or release upon an order of supervision. Consistent with the approach taken by courts in this district, the Court finds that the appropriate remedy here is a bond hearing before an immigration judge rather than immediate release. *See Maliwat v. Scott*, No. 2:25-CV-00788-TMC, 2025 WL 2256711, at *9 (W.D. Wash. Aug. 7, 2025) (collecting cases). At the bond hearing, Respondents bear the burden of establishing, by clear and convincing evidence, that Smith presents a flight risk or a danger to the community at the time of the bond hearing. *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). If Respondents fail to provide Smith a constitutionally adequate hearing within fourteen days of this order, he must be immediately released. *Jimenez v. Wolf*, No. 19-CV-07996-NC, 2020 WL 1082648, at *4 (N.D. Cal. Mar. 6, 2020) (ordering the petitioner's immediate release on appropriate conditions where the respondents did not provide a constitutionally compliant bond hearing after the court granted the petitioner's habeas petition and ordered a bond hearing).

### 3.3    Smith's remaining arguments.

Smith's petition argues that Respondents violated 8 U.S.C. § 1231(a)(6), as interpreted by *Zadvydas*, 533 U.S. 678, because his removal is not reasonably foreseeable. But Smith's removal order is not yet final, so his detention is governed by Section 1226, not Section 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 536–37 (2021). *Zadvydas* does not apply.

Smith's petition also argues that his arrest under an administrative warrant violates the Fourth Amendment because the warrant was signed by an administrative official rather than a neutral judicial officer. Dkt. No. 1 at 8–10. This claim fails. "[C]onsistent with the Fourth Amendment, immigration authorities may arrest individuals for civil immigration removal purposes pursuant to an administrative arrest warrant issued by an executive official, rather than by a judge." *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 825 (9th Cir. 2020) (citing *Abel v. United States*, 362 U.S. 217, 230–34 (1960)).

Smith also challenges the legal sufficiency of the removability charge under 8 U.S.C. § 1227(a)(2)(E)(ii), arguing that his convictions under RCW 26.50.110 do not satisfy the statutory elements. Because the Court grants Smith relief on his prolonged detention claim, it need not reach the merits of this argument. The question may be addressed by the BIA on Smith's pending appeal of the IJ's removal order.

Finally, Smith emphasizes his military service and potential eligibility for naturalization under INA § 329. While the Court recognizes Smith's service to this country, military service does not override the statutory framework governing

detention under § 1226(c) or create an independent constitutional entitlement to release. Smith's military service is, however, the type of considerations that may be raised at the bond hearing the Court has ordered.

## 4.  CONCLUSION

Accordingly, the Court orders the following:

1. Smith's prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing violates the Due Process Clause of the Fifth Amendment.

2. The Petition for a Writ of Habeas Corpus is GRANTED in part. Dkt. No. 1.

3. Within FOURTEEN (14) days of this order, Respondents must provide Petitioner with an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). If bond is granted, Respondents are ORDRERED to immediately release Petitioner.

4. If the individualized bond hearing is not conducted within fourteen days of this order, Petitioner MUST be released immediately under appropriate conditions of supervised release.

5. Petitioner and Respondents MUST file a status report on the status of Petitioner's bond hearing no later than FIFTEEN (15) days from this order. The status report MUST detail if and when the bond hearing occurred, if bond was granted or denied and, if denied, the reasons for that denial.

6. The motion for extension of time, Dkt. No. 9, is DENIED as MOOT.

7.  All other requested relief is DENIED without prejudice, as set forth in this Order.

Dated this 13th day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 11